```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
GEORGE SCHMID,

                    Plaintiff,              06-CV-6648

v.                                          DECISION
                                            And ORDER
JO ANNE B. BARNHART
COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant.
_____
```

INTRODUCTION

Plaintiff, George J. Schmid ("Schmid" or "plaintiff") brings this action pursuant to the Social Security Act, (codified at 42 U.S.C. § 1381 et seq.) claiming that the Commissioner of Social Security improperly denied his application for supplemental security income benefits. Specifically, Schmid alleges that the decision of an Administrative Law Judge ("ALJ") who heard his case was erroneous because it was not supported by substantial evidence contained in the record, or was legally deficient.[1]

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Schmid opposes the defendant's motion.

BACKGROUND

---

[1] This case (formerly civil case 04-CV-0390-E(F)) was transferred to the undersigned by the Honorable Richard J. Arcara, United States District Court for the Western District of New York by Order dated December 27, 2006.

On August 22, 2000 plaintiff George Schmid, a 48 year old, filed an application for supplemental security income benefits claiming that he had become unable to work as a painter as of September 1959 because of emphysema, a head injury, mental problems, depression and alcoholism.  (Tr. 65-66, 71).  The application was denied initially by the Social Security Administration on reconsideration at the plaintiff's request the application was denied again on.  (Tr. 32-35).  Plaintiff requested an administrative hearing which was held on June 6, 2002, at which hearing plaintiff was represented by an attorney.  (Tr. 271-334).

On the basis of the hearing and the medical record, the ALJ found that although Schmid suffered from severe impairments including borderline intellectual functioning, chronic obstructive pulmonary disease, and alcohol dependence in remission, he did not suffer from any condition or combination of conditions that were equivalent or more severe than any of the listed impairments identified in the Listing of Impairments, Appendix 1, Subpart P, Regulation No. 4.  (Tr. 17, 22).  The ALJ held that though the plaintiff cannot perform any past relevant work, he can perform other jobs that exist in significant numbers in the national economy.  (Tr. 20, 22).  On March 26, 2004 Schmid's appeal of the ALJ's decision to the Social Security Appeals Board was denied, and on March 26, 2004, plaintiff filed this action.  (Tr. 6-8).

DISCUSSION

I.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.  Substantial evidence is defined as " such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings are supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2nd Cir. 1983) (finding that the reviewing court does not try a benefits case de novo).  The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D.Tex.1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment

on the merits is possible merely by considering the contents of the pleadings.  <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2nd Cir. 1988).  If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate.  <u>See</u>, <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  Because the court determines that the findings of the Commissioner are supported by substantial evidence judgment on the pleadings is hereby granted for the defendant.

    II.  <u>The Commissioner's Decision to Deny Plaintiff Benefits was Erroneous as a Matter of Law.</u>

The ALJ made the determination based on the evidence before her that plaintiff did not suffer from a disability under the Social Security Act.  A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…" 42 U.S.C. § 423(d) (1991).  The ALJ determined that plaintiff was not engaged in substantial gainful activity; that plaintiff's borderline intellectual functioning, chronic obstructive pulmonary disease, and alcohol dependence in remission were "severe" medical impairments; that plaintiff's conditions either individually or in combination with her other impairments did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; that plaintiff did not have the

capacity to perform her past work, and that plaintiff retained the functional capacity to perform a significant range of sedentary work. (Tr. 22).

The ALJ's finding that the plaintiff does not meet the requirements of Listing 12.05 is erroneous as a matter of law. (Tr. 18). The requirements of Listing 12.05C include a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. The proper test to apply in the Second Circuit when determining whether a claimant's physical or other mental impairment imposes an additional and significant work-related limitation of function is the "severity test." Antonetti v. Barnhart, 399 F.Supp.2d 199 (W.D.N.Y. 2005); Edmond v. Barnhart, 2006 WL 2769922 (W.D.N.Y. 2006). The "severity test" requires that the ALJ find that the plaintiff suffers from another impairment that would be considered "severe" as that term is defined at Step Two of the Commissioner's Five Step Sequential Evaluation. Antonetti, 399 F.Supp.2d at 203. If the additional limitation in the second prong of Listing 12.05C was required to satisfy more than the Second Step of the Five Step analysis, then a qualifying additional limitation often would be sufficient in its own right to support a finding of disability, rendering Listing 12.05C's provisions for those with low IQ's superfluous. Id. at 204; Baneky v. Apfel, 997 F.Supp. 543, 546

(S.D.N.Y. 1998); <u>Keitt v. Barnhart</u>, 2005 WL 1258918 (E.D.N.Y. 2005).

At a consultative examination on November 6, 2000, psychologist, Dr. Thomas Dickinson administered a Wechsler Adult Intelligence Scale to find plaintiff's overall functioning to be in the low borderline range. (Tr. 159). Schmid scored a 74 in Verbal IQ, a 69 in Performance IQ, and a 69 in Full Scale IQ. <u>Id</u>. "In cases of more than one IQ is customarily derived from the test administered…we use the lowest of these in conjunction with 12.05." 20 C.F.R. § 12.00(D)(1)(6)(c). Therefore, the plaintiff meets the first prong of Listing 12.05C.

The ALJ found that the plaintiff's chronic obstructive pulmonary disease is a "severe" impairment at the Step Two analysis. (Tr. 17, 22). After a visit at Kenmore Mercy Hospital on September 28, 1999, Dr. Krishna Malireddi diagnosed a chronic obstructive pulmonary disease exacerbation, prescribed 40 mg of Prednisone for three days, and recommended further pulmonary function tests. (Tr 126). At a visit to Kenmore Mercy Hospital on July 26, 2001 the plaintiff complained of shortness of breath, chest pain, headaches, dizzy spells, and coughing fits where he coughed up green sputum. (Tr. 239). On a Kenmore Progress Report on October 15, 2001 it was noted that a breathing test was difficult for the plaintiff, but his breathing had improved with medication. (Tr. 241). At this same examination it was determined that the plaintiff's lungs were clear bilaterally. <u>Id</u>. On January

14. 2002 the plaintiff complained of dizzy spells from coughing and it was determined that the plaintiff's lungs were clear bilaterally, except for some wheezing. (Tr. 242). The plaintiff also stated that he had two asthma attacks in the past three months. Id.

Treating physician, Dr. Deborah Miller completed a physical assessment of ability to do work-related activities on April 25, 2002. (Tr. 251-52). Dr. Miller determined that too much exertion causes problems with the plaintiff's breathing and that the plaintiff's ability to walk was limited to two hours a day due to his breathing impairment. (Tr. 251). Dr. Miller also noted that heights, temperature extremes, chemicals, dust, fumes and humidity all make the plaintiff's breathing worse. (Tr. 252). Dr. Miller stated that a pulmonary function test supported her assessment. Id.

At a consultative examination on November 6, 2000, Dr. Michael D. Ryan noted plaintiff's complaints of shortness of breath and tightness and pain in his chest. (Tr. 143-44). Upon examination, Dr. Ryan concluded that the plaintiff's "lungs were clear to auscultation bilaterally with wheeze and rales at the base, particularly the right base which is cleared for the most part with coughing. (Tr. 144). Dr. Ryan opined that the plaintiff can perform work avoiding fumes, chemicals, exposure to dust and pollutants due to his bronchitis and diagnosed alcohol abuse, nicotine abuse, chronic obstructive pulmonary disease and cough

syncope. (Tr. 145). After an x-ray of the plaintiff's chest on the same day, Dr. Mitchell Chess concluded that there was no evidence of acute pulmonary disease. (Tr. 148). Upon review of the plaintiff's medical record consultative examiner, Dr. Alberta Micale concurred with Dr. Miller and Dr. Ryan's work-related environmental restrictions, due to plaintiff's chronic obstructive pulmonary disease. (Tr. 184). The results of the FEV1 and FVC pulmonary function tests were not reproducible. (Tr. 149). Dr. James Fitzpatrick administered a pulmonary function teston August 30, 2001, which reflected a FEV1 of 53% and a FVC of 68%. (Tr. 262). Dr. Fitzpatrick concluded that these findings are compatible with moderate obstructive airway disease. Id.

"When there is a question whether the Commissioner correctly applied the criteria set forth in the second prong of Section 12.05C, courts in [the Second Circuit] generally remand the case for further evaluation of the evidence." *quoting* Antonetti, 399 F.Supp.2d at 203; Keitt, 2005 WL 1258918 at 3-4; Aviles v. Barnhart, 2004 WL 1146055 (E.D.N.Y. 2004); Baneky, 997 F.Supp. 543, 547 (S.D.N.Y. 1998). "Remand is particularly appropriate where, as here, we are unable to fathom the ALJ's rationale in relation to the evidence in the record without further findings or clearer explanation for the decision." *quoting* Antonetti, 399 F.Supp.2d at 203; Berry v. Schweiker, 675 F.2d 464, 469 (2nd Cir. 1982).

<u>CONCLUSION</u>

The ALJ did not apply the Second Circuit prevailing standard for evaluating claims under Listing 12.05C.  The plaintiff satisfied the first prong of the Listing by scoring a 69 in Full Scale IQ on the Weschler Adult Intelligence Scale. (Tr. 159).  In evaluating the second prong of the Listing; whether the plaintiff suffered from an additional "significant work-related limitation of function", the ALJ did not apply the "severity test", which has been repeatedly upheld as the prevailing standard of the Second Circuit.  For the above reasons, the court finds that the Commissioner's decision was not made in accordance with the applicable law, and accordingly remands this case to the Commissioner for further proceedings in accordance with this opinion.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 30, 2007